```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF MISSOURI
                     EASTERN DIVISION


TIMOTHY JOHNSTON,                    )
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )    No. 4:04CV1075-DJS
                                     )
LARRY CRAWFORD,                      )
DONALD P. ROPER,                     )
JAMES PURKETT, and                   )
UNKNOWN EXECUTIONERS,                )
                                     )
          Defendants.                )
```

## ORDER

Plaintiff Timothy Johnston is a Missouri inmate under a sentence of death. His complaint in this matter is brought pursuant to 42 U.S.C. §1983, and alleges that Missouri's current method of lethal injection violates the Eighth Amendment's ban on cruel and unusual punishment because it "can and will subject him to an unnecessary risk of unconstitutional pain and suffering." Complaint [Doc. #1], ¶2, p.1. Now before the Court is a motion filed by another death row inmate, Donald J. Hall, seeking to intervene and to have counsel appointed to represent him. Although the motion does not expressly state the claims Hall seeks to make in this action, the Court presumes he requests leave to join in the case as a party-plaintiff asserting the same claim and seeking the same relief as that sought by plaintiff Johnston.

Intervention is governed by Fed.R.Civ.P. 24. Rule 24(a) provides for intervention as of right upon a timely application:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Intervention under Rule 24(a)(1) is not applicable. The Court concludes that intervention under Rule 24(a)(2) is not available to Donald Hall because he fails to show, and it does not appear, that the disposition of this action may impair or impede his ability to protect his interests or that Hall's interest is not adequately represented by plaintiff Johnston. Should plaintiff Johnston succeed in this action, he will obtain a general declaration that Missouri's current means of execution by lethal injection violate the Eighth and Fourteenth Amendments. Hall fails to suggest, much less demonstrate, that such a declaration would not redound to the benefit of Hall and all other inmates under a sentence of death in Missouri.

For virtually the same reasons, the Court is not persuaded to grant Donald Hall permissive intervention under Rule 24(b). There exists no conditional statutory right to intervene, as required for Rule 24(b)(1). As for Rule 24(b)(2) and the common questions of law and fact between Hall's would-be claim (and that of any other Missouri death row inmate), the competent

representation of plaintiff Johnston's counsel is adequate advocacy for the common interests of Johnston and his fellow death-sentenced inmates, and permissive intervention is not shown to be required or warranted in the interest of justice. Finally, the Court is persuaded that to permit Hall intervention under Rule 24(b) would unduly and needlessly delay the adjudication of Johnston's complaint, particularly if, as is likely to be the case, it would engender motions by other death row inmates seeking to intervene. The Court will therefore not exercise its discretion under Rule 24(b) to permit intervention.

Accordingly, upon careful consideration,

**IT IS HEREBY ORDERED** that the motion of Donald J. Hall to intervene and for appointment of counsel [Doc. #29] is denied.

Dated this ___22nd___ day of June, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE