```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

| | |
|---|---|
| TIMOTHY JOHNSTON,              ) | |
|                                ) | |
|         Plaintiff,             ) | |
|                                ) | |
|     vs.                        ) | No. 4:04CV1075-DJS |
|                                ) | |
| LARRY CRAWFORD,                ) | |
| DONALD P. ROPER,               ) | |
| JAMES PURKETT, and             ) | |
| UNKNOWN EXECUTIONERS,          ) | |
|                                ) | |
|         Defendants.            ) | |

<u>**ORDER**</u>

Plaintiff Timothy Johnston is a Missouri inmate under a sentence of death. His complaint in this matter is brought pursuant to 42 U.S.C. §1983, and alleges that Missouri's current method of lethal injection violates the Eighth Amendment's ban on cruel and unusual punishment because it "can and will subject him to an unnecessary risk of unconstitutional pain and suffering." Complaint [Doc. #1], ¶2, p.1. More specifically, plaintiff alleges that the three-chemical sequence and the method of their use by inadequately trained personnel create an unjustifiable likelihood that during his execution plaintiff will be conscious of the pain of chemically-induced suffocation and heart attack, but incapable of demonstrating that consciousness due to chemically-induced paralysis. Plaintiff has filed three separate motions to compel the named defendants' answers to interrogatories. Upon careful

consideration, the Court will grant the motions in large part, imposing certain limitations the Court deems appropriate.

The Court offers a few observations in explanation of its ruling. The substitution of Larry Crawford for Gary Kempker as the Director of the Missouri Department of Corrections has now been formally effected, and in any event occurred by operation of law pursuant to Fed.R.Civ.P. 25(d) upon Mr. Crawford's assumption of the office. Mr. Crawford therefore has a duty to respond to the interrogatories originally directed to Mr. Kempker, to the extent responses are here ordered by the Court. Although at the time the interrogatories were originally answered, no executions had been carried out at the facility under defendant Purkett's supervision, two executions by lethal injection have now taken place there. Mr. Purkett must respond to discovery insofar as his knowledge permits, including his knowledge based on those executions.

The Court will not compel responses to interrogatories directed to the existence of a "cut-down" procedure in Missouri, because issues involving such a procedure are not pled in the complaint and the Court is not persuaded that the interrogatory subparts devoted to that procedure (Interrogatories 2(k) and 4(h)) seek discovery relevant to any claim or defense properly pled in this case.

Evidentiary support for plaintiff's claim will necessarily rely on historical evidence concerning Missouri's execution protocol and the manner in which it has been implemented

2

in the past. The history of the death penalty in Missouri from its inception, however, or even from the advent of lethal injection is not shown to be relevant. For several of the interrogatories, then, the Court will compel responses limited either in time or to a specified number of the most recent Missouri executions, such recent practice being what is relevant to plaintiff's claim concerning the manner in which his own future execution will be carried out. For example, interrogatory 3 concerning execution personnel and interrogatory 6 concerning the lethal injection chamber (the latter sought to be compelled only as to defendants Roper and Purkett) will be limited to the four most recent Missouri executions, which the Court understands would be the two executions recently carried out at the Bonne Terre facility and the last two executions performed at the Potosi facility.

Finally, defendants' concern about public disclosure of the identities of persons involved in executions is legitimate. Plaintiff acknowledges, and the Court agrees, that a protective order is appropriate to limit the use of this information. The Court will therefore direct the parties to use their best efforts to agree to and jointly propose a protective order for that purpose.

Accordingly, upon careful consideration,

**IT IS HEREBY ORDERED** that plaintiff's motions to compel defendant Kempker's (now Crawford's), defendant Roper's and

3

defendant Purkett's answers to interrogatories [Docs. #14, #15, and #16] are granted in part as follows, and denied in part.

**IT IS FURTHER ORDERED** that the parties shall confer forthwith and employ their best efforts to formulate a mutually acceptable proposed protective order appropriately limiting the use and disclosure of the identities of corrections personnel involved in executions. Within fourteen (14) days of the date of this order, the parties shall file a joint motion for the entry of a protective order, accompanied by their agreed-upon proposed order. In the event that the parties fail to reach complete agreement, their joint motion should be accompanied by a proposed order including all the terms to which the parties agree, and the motion should set forth, for each disputed issue, each party's proposed language.

**IT IS FURTHER ORDERED** that, within twenty (20) days of the Court's entry of a protective order as contemplated above, defendants shall serve on plaintiff their full and complete responses to:

- Interrogatory 1;
- Interrogatory 2, except as to subpart (k);
- Interrogatory 3, limited to the last four Missouri executions;
- Interrogatory 4, except as to subpart (h) and limited to the last ten Missouri executions;

- Interrogatory 5, limited to the time period from 2000 to present; and
- Interrogatory 6, limited to the last four Missouri executions.

Dated this   23rd   day of June, 2005.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE